■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SIMMONS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 6, 1986, convicting him of murder in the second degree (two counts), and attempted rape in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Upon a review of the record, we find that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements confessing to the murder and attempted rape of the victim during the early morning hours of January 1, 1985, in Suffolk County.

It is well settled that whether a defendant was in custody and was therefore not free to go is not determined by the individual defendant's subjective beliefs; rather, the determinative test is what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851).

Applying these principles to this case, it is apparent that the defendant's confession to the police was not the product of a custodial interrogation. The hearing court determined that although the defendant remained with the detectives for approximately four hours, he was not handcuffed, was given food and cigarettes upon request, and was permitted to leave the room to utilize a rest room. Moreover, the fact that the defendant was given his *Miranda* rights negated any possibility that the defendant was of the view that he was obligated to speak to the detectives. We find no reason to disturb the hearing court's determination (see, People v Oates, 104 AD2d 907).

Furthermore, we find no merit to the defendant's contention that the police and the District Attorney's office illegally circumvented his right to counsel by intentionally waiting until he was sentenced on a prior criminal charge before questioning him on the present matter one month after the crime occurred. This argument has recently been rejected by

the Court of Appeals (see, People v Robles, 72 NY2d 689). In Robles, the court held that a decision by investigators to refrain from questioning a suspect until he is no longer represented by counsel on unrelated charges is not violative of an individual's constitutional rights.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.